### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| ELIZABETH WOODBERRY, ) | |
| ) | No. 2:12-cv-1872-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on the government's motion for relief from a judgment, order, or proceeding which seeks to admit the deposition testimony of Dr. Kenneth M. Faile, Jr. ("Faile") as evidence at trial. For the reasons set forth below, the court denies the government's motion.

This case arises out of an August 10, 2009 accident in which cars driven by plaintiff Elizabeth Woodberry ("Woodberry") and United States Postal Service employee Leslie Richardson collided. Woodberry alleges that she sustained several injuries as a result of the collision. Dr. Faile was her primary care physician following the accident. The court held a bench trial on April 28–30, 2014. As part of the evidence presented the government entered Dr. Faile's medical records. However, neither party entered Dr. Faile's deposition testimony into evidence. On September 3, 2014, the government filed the present motion. Woodberry filed a response on September 22, 2014 and the government replied on October 2, 2014.

The government brings its motion pursuant to Federal Rule of Civil Procedure 60(b), which provides that

1

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
>
> . . .
>
> (6) any other reason that justifies relief.

Before seeking relief under one of the six subsections of Rule 60(b), the moving party must first satisfy a four-part threshold test. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). This test requires the movant to demonstrate: (1) timeliness; (2) a lack of unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances. Id.; see also Wilson v. Thompson, 138 F. App'x 556, 557 (4th Cir. 2005) (citation omitted) ("The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances."). The Fourth Circuit has described this threshold test as "onerous" and has noted that movants are "unlikely" to clear such a hurdle. Coomer v. Coomer, 217 F.3d 838, *4 (4th Cir. 2000). The disposition of a Rule 60(b) motion is within the sound discretion of the district court. Evans v. United Life & Acc. Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989).

As an initial matter, the court has not found—and the government has not cited—any case within the Fourth Circuit applying Rule 60(b) to admit evidence which a party mistakenly failed to introduce at trial. Regardless, the government has not met the onerous burden of showing that this is an exceptional circumstance as required under Rule 60(b). The government had ample opportunity to move to admit Dr. Faile's deposition into evidence during trial but failed to do so. "[A] lawyer's ignorance or

carelessness do not present cognizable grounds for relief under [Rule] 60(b)." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010) (citing Evans, 871 F.2d at 472).

Therefore, the court **DENIES** the government's Rule 60(b) motion.

**AND IT IS SO ORDERED**.

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**April 21, 2014**
**Charleston, South Carolina**